IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-202-D

| | | |
|---|---|---|
| TIME WARNER CABLE INFORMATION SERVICES (NORTH CAROLINA), LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| L. CALVIN DUNCAN, in his official capacity as Chairman and Member of the North Carolina Rural Electrification Authority, et al. | ) ) ) ) | |
| Defendants. | ) ) | |

Time Warner Cable Information Services (North Carolina), LLC ("TWCIS") filed suit against the Commissioners of the North Carolina Rural Electrification Authority ("NCREA"). TWCIS seeks declaratory and injunctive relief from the Commissioners solely in their official capacities. See Compl. 21, ¶¶ 10–12, 62–63, 67–68. The NCREA is not a party [D.E.19]. The Commissioners filed a motion to dismiss the action for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted [D.E. 16].

The court has considered the motion to dismiss for lack of subject-matter jurisdiction under the governing standard. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 967 (4th Cir. 1992); Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Likewise, the court has considered the motion to dismiss for failure to state a claim upon which relief may be granted under the governing standard. See, e.g., Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1968–70 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

The dispute involves TWCIS's claim that the NCREA's July 19, 2006 order violated the Telecommunications Act of 1996 and prevented TWCIS "from exercising its federal interconnection rights so that it and Time Warner Cable may provide the proposed facilities-based local voice telecommunications in competition with [telephone membership corporations]." Compl. ¶¶ 15, 47. The action involves a federal question, and the court rejects the Commissioners' attack on this court's subject-matter jurisdiction. See, e.g., 28 U.S.C. § 1331; Verizon Md., Inc. v. Public Serv. Comm'n, 535 U.S. 635, 641–44 (2002); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96 n.14 (1983); Verizon Md., Inc. v. Global Naps, Inc., 377 F.3d 355, 366 n.2 (4th Cir. 2004) ("Because there is § 1331 jurisdiction, [the court] decline[s] to decide whether jurisdiction could be grounded independently on 47 U.S.C. § 252(e)(6)."); Verizon N., Inc. v. Strand, 309 F.3d 935, 938–40 (6th Cir. 2002). The court also rejects the Commissioners' Eleventh Amendment argument given that TWCIS seeks only declaratory and injunctive relief. See, e.g., Verizon Md., Inc., 535 U.S. at 645–48 (suit seeking only injunctive and declaratory relief from individual commissioners in their official capacities not barred by Eleventh Amendment). Likewise, even if the court assumes that 47 U.S.C. § 252(e)(6) includes a finality requirement and assumes that such a requirement affects subject-matter jurisdiction, the requirement has been met. See, e.g., W. Radio Servs. Co. v. Qwest Corp., 530 F.3d 1186, 1195 n.6 (9th Cir. 2008).

As for the Commissioners' motion to dismiss for failure to state a claim upon which relief may be granted, the Commissioners mistakenly rely on Rules 17(a) and 19 of the Federal Rules of Civil Procedure. Neither Rule, however, provides any comfort to the Commissioners in this case. See, e.g., Salazar v. Allstate Tex. Lloyd's, Inc., 455 F.3d 571, 573 (5th Cir. 2006) (analyzing Rule 17); Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92–93 (4th Cir. 2005) (analyzing Rule 19); Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 170–71 (4th Cir. 2001) (analyzing Rule 17). Similarly, the court rejects the Commissioners' attempt to invoke Rule

41(b) of the Federal Rules of Civil Procedure in this case. See, e.g., Doyle v. Murray, 938 F.2d 33, 34–35 (4th Cir. 1991); Herbert v. Saffell, 877 F.2d 267, 269–70 (4th Cir. 1989).

As for the Commissioners' statute of limitations defense, the court rejects it. See, e.g., 28 U.S.C. § 1658(a); White v. Sun Life Assurance Co. of Can., 488 F.3d 240, 245 (4th Cir.), cert. denied, 128 S. Ct. 619 (2007); E. Spire Commc'ns, Inc. v. Baca, 269 F. Supp. 2d 1310, 1319–20 (D.N.M. 2003), aff'd sub nom. E.Spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n, 392 F.3d 1204 (10th Cir. 2004); accord City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 123 n.5 (2005). The Commissioners' laches defense fares no better. See, e.g., Lyons P'ship v. Morris Costumes, Inc., 243 F.3d 789, 799 (4th Cir. 2001); White v. Daniel, 909 F.2d 99, 102–04 (4th Cir. 1990). Finally, the Commissioners' ripeness argument fails because the court can review and address the Commissioners' determination that TWCIS is not a telecommunications carrier with interconnection rights under the Telecommunications Act of 1996.

The Commissioners' motion to dismiss [D.E. 16] is DENIED. The court will address the other pending motions in due course.

SO ORDERED. This 27 day of March 2009.

JAMES C. DEVER III
United States District Judge

3

Case 5:08-cv-00202-D   Document 84   Filed 03/27/09   Page 3 of 3